STATE, ex rel. MARQUETTE CEMENT MANUFACTURING COMPANY, INC., Relator, v. INDUSTRIAL COMMISSION OF OHIO and YOUNG, Admr. BUREAU OF WORKMEN'S COMPENSATION, Respondents.

Ohio Appeals, Tenth District, Franklin County.

No. 6201. Decided March 1, 1960.

56

*Mr. Scott M. Knisley*, for relator.

*Mr. Mark McElroy*, attorney general, and *Mr. William G. Carpenter*, assistant attorney general, for respondents.

DUFFY, J. The Marquette Cement Manufacturing Company, Inc., an employer of labor who were amenable to and had complied with the Ohio Workmen's Compensation laws, brings an action in mandamus seeking to have the Industrial Commission of Ohio make a determination under the provisions of Section 4123.343, Revised Code, dealing with the handicapped worker and the apportionment of costs of his claim between the employer who employed such workman and the Surplus Fund provided by statute. The Industrial Commission has demurred to the petition for the reason that it fails to state a cause of action.

This is a relatively new section of the Code, having been enacted in 1955, but the first paragraph of the section contains the following:

"This section shall be construed liberally to the end that employers shall be encouraged to employ and retain in their employment handicapped employees as defined in this section."

The relator states in its petition that it began operations in the State of Ohio on January 1, 1954, and that a former employee who worked from January 1, 1954 to March 17, 1954, filed a claim with the Industrial Commission after a diagnosis of silicosis which was made on or about June 6, 1956, and his claim had been allowed by the Bureau of Workmen's Compensation.

The relator alleges that at various times they have had hearings before the Industrial Commission on the question of whether or not claimant was a handicapped person but that the Industrial Commission did not "even consider the handicapped workers provision of the Ohio Revised Code," and thus deprived relator of its rights. It is true that the petition alleges that the Commission has held hearings on whether or not

claimant was a handicapped person, but the petition also alleges that there was a failure on the part of the Industrial Commission to consider the handicapped workers provisions of the Ohio Revised Code. Since the section does provide that an employee whose handicap is due to any of twenty-two listed diseases or conditions, among which is included silicosis, the employer could be entitled to some consideration under that section but the extent of the consideration cannot be determined on demurrer. The relator should have his case decided upon its merits and the demurrer to the amended petition will be overruled, and leave is given to the respondents to plead further within rule.

BRYANT, P. J., concurs.
MILLER, J., not participating.